PNEUMATIC WEIGHER Co., Appellant, v. J. A. BURNQUIST, Appellee.

**Principal and agent:** LIABILITY OF AGENT: CONVERSION: EVIDENCE.
1  In an action upon a written contract of agency, to recover of an agent the price of a machine, alleging' that the agent in violation of the contract neglected to secure proper settlement with the purchaser, the evidence is reviewed and held insufficient to establish the agent's liability under the contract; and, further, that neither the pleadings nor the evidence authorized a recovery on the ground of conversion.

**Appeal:** SUFFICIENCY OF EVIDENCE: REVIEW. Upon an assignment
2  of error that the verdict is without support in the testimony, the appellate court will accept as established all that the testimony fairly tends to prove in appellee's favor.

*Appeal from Webster District Court.*— HON. J. R. WHITAKER, Judge.

TUESDAY, NOVEMBER 14, 1905.

ACTION to recover the price of a machine alleged to have been sold and delivered. Verdict and judgment for the defendant, and plaintiff appeals.— *Affirmed.*

*Wm. T. Chantland,* for appellant.

*Kenyon & O'Connor,* for appellee.

WEAVER, J.— On July 30, 1900, the defendant, a hardware merchant at Dayton, Iowa, wrote to the plaintiff, at Indianapolis, Ind., a letter saying: "I have a customer for one of your elevators and weighers. I wish you would send me one of your travelers quick, and we can make the deal." At this time no business relations as principal and agent, or otherwise, existed between the parties and the

correspondence was inspired by the fact that one Allen, a customer of the defendant, had seen an advertisement of the plaintiff's machines and expressed a desire to purchase one, if upon inspection and trial it proved satisfactory. Plaintiff received the letter August 1, 1900, and at once notified one Wilson, its agent or traveler having charge of that territory, to go to Dayton and look after the matter. Wilson, with the manager of defendant's store, went to see Allen, who refused to sign any written order for the machine, but orally agreed to purchase if upon trial he found it satisfactory. After returning to defendant's place of business, as the testimony on his part tends to show, a written contract by which the defendant undertook to act as plaintiff's agent was made and forwarded to plaintiff for approval. At the same time, by letter or by telegraph, Wilson ordered or requested a machine to be shipped to defendant's address for trial by Allen. The machine was shipped on August 7, 1900, and the contract of agency was approved on the following day. The contract of agency contained no references to the sale to Allen or to the machine already shipped for that purpose. On the arrival of the machine, the defendant (acting, as he claims, at the request and for the accommodation of Allen) paid the freight. Within a few days Wilson arrived, and with his assistance and direction the machine was taken from the railway station to Allen's farm, when it was discovered that the connections for attaching it to the separator were not the proper pattern, and he ordered the needed parts from the plaintiff by wire. The attachment was not fully made until August 22, 1900.

When first started, the machine seemed to do good work and defendant so reported to plaintiff, but before the trial was over Allen became dissatisfied, alleging that the elevator clogged and otherwise failed to operate properly, for which reasons he refused to complete the purchase. Upon report of this complaint Wilson returned and sought to remedy or remove the defects complained of, but without avail, and on

September 9, 1900, Allen hauled the machine back to Dayton, and left it on the defendant's premises, giving written notice thereof to the plaintiff, at Indianapolis. The record as to subsequent steps taken in this transaction is quite obscure, but it would seem that in the summer of 1901 the plaintiff directed the defendant to return the machine to Indianapolis, but through some dispute or misunderstanding as to which party should assume the freight charges it was not shipped, and on February 28, 1903, this action was begun. The petition declares solely upon the written contract of agency, and charges that defendant, in violation of the conditions of said contract, failed to procure a proper settlement from Allen before the machine was delivered, failed to return the machine upon demand therefor by the plaintiff, and neglected to properly store and care for it after its return by Allen. The defendant denies the allegations of the petition, and alleges that the transaction with Allen was conducted by plaintiff's agent, Wilson, and that such sale or attempted sale was not made by defendant or under or pursuant to the written contract between him and the plaintiff.

The issue presented is one of fact only, and counsel for appellant plants his demand for a reversal upon the proposition that the verdict of the jury is the product of 2. APPEAL: passion and prejudice and without sufficient sufficiency of evidence: support in the testimony. We are unable to review. concur in that view. Under such an assignment of error we are bound to accept as established all that the testimony fairly tends to prove in appellee's favor, and upon all the essential facts in the controversy there was at least some evidence in support of the defense.

Plaintiff saw fit to rest its claim solely upon the written contract of agency. As we have seen, the deal with Allen 1. PRINCIPAL AND AGENT: was arranged by Wilson before the written liability of agent: contract of agency between plaintiff and defendant was executed, and the machine was shipped from the house before that contract was approved.

The contract makes no mention of that machine, nor does it appear that defendant ever assumed any responsibility concerning it, except to go out with Wilson and assist in obtaining Allen's verbal order, and in attempting to set up the machine after its arrival. While nothing is shown to have been said upon that subject, it is very likely that the appellee expected to receive a commission or compensation of some kind had the sale been finally consummated, but we think it quite clear that his right to such compensation, if any, would exist independent of the written contract, and that an action could not have been maintained by him to recover upon the written agreement. The appellee was not the agent of appellant when he wrote the letter requesting that a salesman be sent to Dayton. He did not suggest a desire or request for commission, and, had Wilson come and made a completed sale to Allen without other or further agreement with appellee, the latter would have had no legal ground for complaint. Wilson did come, and on the hope that Allen would purchase ordered the machine and attempted unsuccessfully to make it work to Allen's satisfaction. It is doubtless true that but for this transaction which brought the parties into communication the contract of agency would not have been consummated, but, in the absence of some agreement to that effect, we cannot say as a matter of law that a transaction which was initiated before the contract was executed or approved and to which it makes no reference is to be governed by its terms. This conclusion renders unnecessary a further consideration of the case.

The suggestion of counsel that, if not entitled to recover upon the terms of the written contract, appellant at least made a good case for the conversion of the machine, is not justified by reference either to the pleadings or to the testimony. Appellee exercised no control over the machine, and was under no obligations to return it at his own expense.

The judgment of the district court is *affirmed*.